UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOSES BELL,                               :

   Plaintiff,                              :

      v.                                    :   Civil Action No. 05-1372 JR

DISTRICT OF COLUMBIA, *et. al.*,

   Defendants.                          :

## MOTION OF THE DISTRICT OF COLUMBIA AND DAVID TUCKER TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to FRCP 12(b)(6) defendants, District of Columbia and David Tucker, by undersigned counsel, move to dismiss plaintiff's complaint as it fails to state a basis upon which relief can be granted.  As to the District of Columbia, plaintiff's complaint fails to state a basis for recovery from the District of Columbia under 42 USC §1983, as no municipal policy is alleged. As to defendant David Tucker, plaintiff's only allegation is that this defendant failed to prevent plaintiff from being shot by Patrick Davis.  However, this is inadequate to make Officer Tucker constitutionally liable for Officer Davis' alleged violation of plaintiff's rights.

Additional basis for this motion is set forth in the attached memorandum of points and authorities.

                                     Respectfully submitted,

                                     ROBERT J. SPAGNOTLETTI
                                     Attorney General for the District of Columbia
                                     GEORGE C. VALENTINE
                                     Deputy Attorney General, Civil Litigation Division

                                     _____

                                     HOLLY JOHNSON
                                     Chief, General Litigation Section III

                                                                _____
                                                                Steven J Anderson
                                                                Assistant Attorney General
                                                                Bar no. 334480
                                                                Suite 600s
                                                                441 4th Street, NW, Room 6S109
                                                                Washington, DC  20001
                                                                (202) 724-6607 (202) 727-3625 (fax)
                                                                E-mail: Steve.anderson@dc.gov


                                        CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing motion together with supporting documents,

was mailed, postage prepaid, this      day of December, 2005, to:

       Moses Bell
       R04961-007
       RIVER CORRECTIONAL INSTITUTION
       P.O. Box 630
       Winton, NC 27986
       PRO SE


                                                                _____
                                                                Steven J. Anderson, AAG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOSES BELL,                                  :

    Plaintiff,                           :

        v.                                   :        Civil Action No. 05-1372 JR

DISTRICT OF COLUMBIA, *et. al.*,

    Defendants.                          :

## MOTION OF THE DISTRICT OF COLUMBIA AND DAVID TUCKER TO DISMISS PLAINTIFF'S COMPLAINT

### Introduction

Plaintiff brings this civil case against the District and its police officer David Tucker seeking to recover damages under 42 U.S.C. § 1983. Complaint para. 11. Plaintiff claims in his complaint that his rights under the U.S. Constitution were violated we he was shot for no reason by Metropolitan Police Department ("MPD") Officer Patrick Davis on August 31, 2004. *Id.* para. 22. Specifically, plaintiff claims his rights under the 8th and 14th Amendments to the U.S. Constitution were violated. *Id.* The August 31, 2004, shooting is the only constitutional violation alleged in plaintiff's complaint.

Plaintiff's complaint alleges the following as to Officer Tucker: (1) he was a police officer at the MPD's Sixth Police Precinct, *Complai*nt para. 11; and (2) David Tucker was the shooter's partner, *Id*. para. 38.

Based on these facts plaintiff seeks to recover from Defendant Tucker, claiming that he failed to stop Patrick Davis from shooting plaintiff. *Id.* para. 38

**Argument**

I.   Plaintiff's Complaint Fails To State A Basis For Recovery From The District.

As to the District of Columbia, plaintiff's Constitutional claims lack merit because plaintiff's injuries were not directly related to an established municipal policy as required by *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).  There is no allegation in the plaintiff's complaint that the violation of his constitutional rights occurred pursuant to an established policy of the District of Columbia.  While it is true that a municipality is considered a "person" under the statute, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *Canton v. Harris*, 489 U.S. 378, 385 (1989).  As stated in *Monell v. New York City Dept. of Social Services*, the seminal case on § 1983 municipal liability:

[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. 658, 694 (1978).  Subsequent Supreme Court cases repeatedly have reaffirmed the principle that only action taken <u>pursuant to</u> official municipal policy may subject a municipality to liability under § 1983.  *See, e.g., Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents:  It is only liable when it can fairly be said that the city itself is the wrongdoer"); *Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 737 (1989) (only policy or custom made or approved by officials with "final policymaking authority" may subject municipality to liability); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (wrongful conduct of a single officer without any policymaking authority did not establish municipal policy);

*see also Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (to prevail against municipality, plaintiff must "show fault on the part of the city based on a course its policymakers consciously chose to pursue"). Accordingly, because the plaintiff does not allege such a policy or custom, plaintiff's complaint fails to state a basis upon which relief may be granted against the District and the claim must be dismissed.

II.     Plaintiff's Complaint Fails To State A Basis For Recovery From Ofc. Tucker

Fed. R. Civ. P. 8(2) requires that plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." In the instant case there is no basis for seeking to recover damages from Ofc. Tucker. There is no allegation that Ofc. Tucker shot plaintiff, nor is there any allegation that Ofc. Tucker was even present when plaintiff was shot. The only two allegations about Ofc. Tucker in plaintiff's complaint are: 1) he was the partner of Ofc. Davis, and 2) he should have prevented Ofc. Davis from shooting him. Therefore, plaintiff's complaint concludes Ofc. Tucker is vicariously liable for Ofc. Davis's alleged violation of plaintiff's constitutional rights.

However, under §1983 jurisprudence, an individual defendant must be alleged to have *personally* committed or participated in the unconstitutional act. *See, e.g., Nowlin v. Director, Dist. of Col. Dep't of Corr.*, 689 F. Supp. 26, 27 (D.D.C. 1988) (prerequisite to individual liability under § 1983 is "a showing of direct responsibility for the improper action"); *see also Cameron v. Thornburgh*, 299 U.S. App. D.C. 228, 233, 83 F.2d 253, 257-58 (1993), where the court dismissed a Complaint against two defendants because the plaintiff "provided no factual allegations whatsoever" to support his claim against them. "The complaint itself did not even allege that [the defendants] had participated in any decision or approved any policy that related to the case." *Id.* at 233, 83 F.2d at 258.

The same is true of the plaintiff's complaint in the instant case *vis-à-vis* the David Tucker.  He is not alleged to have any involvement whatsoever in the actions plaintiff complains about.  Accordingly, David Tucker must be dismissed as a defendant.

## Conclusion

Based on the foregoing, defendants District of Columbia and David Tucker submit that they must be dismissed as defendants as plaintiff's complaint fails to state a basis upon which relieft may be granted.

                Respectfully submitted,

                ROBERT J. SPAGNOTLETTI
                Attorney General for the District of Columbia
                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                _____
                HOLLY JOHNSON
                Chief, General Litigation Section III

                _____
                Steven J Anderson
                Assistant Attorney General
                Bar no. 334480
                Suite 600s
                441 4th Street, NW, Room 6S109
                Washington, DC  20001
                (202) 724-6607 (202) 727-3625 (fax)
                E-mail: Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOSES BELL,                                    :

    Plaintiff,                                :

    v.                                         :       Civil Action No. 05-1372 JR

DISTRICT OF COLUMBIA, *et. al.*,

    Defendants.                                :

### ORDER

Upon consideration of defendants District of Columbia and David Tucker's Motion to Dismiss plaintiff's complaint, the memorandum of points and authorities in support thereof, any opposition filed, the record herein, and for the reasons in defendants' motion, it is this ___ day of _____ 2005,

ORDERED, the defendants' motion is GRANTED, and it is further

ORDERED, defendants District of Columbia and David Tucker are dismissed as defendants.

_____
Judge,
United States District Court for
the District of Columbia

Copies:
Moses Bell
R04961-007
RIVER CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986

Steven J Anderson
Assistant Attorney General
Suite 600s
441 4th Street, NW, Room 6S109
Washington, DC  20001