UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOSES BELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF WASHINGTON, D.C., )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 05-1372 (JR)<br><br>**FILED**<br>JUL 10 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM OPINION

Moses Bell brought this action *pro se* against the District of Columbia, Anthony Williams, Mayor of the District of Columbia, Charles Ramsey, Chief of the Metropolitan Police Department, and the following members of the Police Department: Officer Patrick Davis, Officer David Tucker, the Commanding Officer of the Sixth District, and Officer Davis' immediate supervisor.[1] The complaint names defendants in their official and individual capacities. Mr. Bell alleges that he is the victim of unlawful shooting by Officer Davis. The complaint asserts a claim under 42 U.S.C. § 1983. Defendants District of Columbia and David Tucker have moved to dismiss.[2]

---

[1] Defendant Davis has been dismissed without prejudice because Mr. Bells has failed to provide an address for the purpose of service of process. *See* LCvR 5.1(e). The unnamed immediate supervisor of Officer Davis has not been served.

[2] Despite being served, defendants Anthony Williams, Charles Ramsey, and the Commanding Officer of the Sixth District have not filed an answer or otherwise responded to Mr. Bell's complaint.

*Background*

In the afternoon of August 31, 2004, Mr. Bell was at the Greenway Shopping Center, 301 37th Street, S.E., Washington, D.C., when he saw a friend. Compl., ¶¶ 17, 18.[3] He agreed to give his friend a ride to his girlfriend's residence. *Id.*, ¶ 19. As he was dropping his friend off, Officer Davis approached Mr. Bell's vehicle on the driver's side and began shooting at Mr. Bell, striking him twice on the left shoulder. *Id.*, ¶¶ 20-22. Fearing for his life, Mr. Bell fled, eventually parking his car, and calling his cousin to pick him up. *Id.*, ¶¶ 23, 24, 26. Before his cousin could arrive, Mr. Bell was apprehended by the police and transported by ambulance to Howard University Hospital. *Id.*, ¶ 27.

After receiving medical treatment, Mr. Bell was transported by the police, including Officer Davis, to the Sixth District station. ¶¶ 29-30. En route to the station, the driver, Officer Davis, caused the car to move erratically, which resulted in the reopening of Mr. Bell's wound. *Id.*, ¶ 31. The police transported Mr. Bell to Greater Southeast Hospital for further treatment and medication. *Id.*, ¶ 32. He was eventually placed into custody at the District of Columbia Department of Corrections Central Detention Facility. *Id.*, ¶¶ 32-33.

Mr. Bell alleges that defendants violated his Fourth and Fourteenth Amendment rights. *Id.*, ¶ 36. He specifically cites Officer Davis' shooting and the failure of his partner, Officer Tucker, to prevent Officer Davis' unconstitutional actions. *Id.*, ¶ 38. Mr. Bell claims that the District of Columbia, the Mayor, and supervising police officers are liable for the failure to properly supervise Officer Davis. *Id.*, ¶ 39.

---

[3] The allegations of the complaint are taken as true for purposes of this motion.

*Standard of Review*

On a motion to dismiss, I must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

Pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, the District of Columbia and David Tucker move to dismiss on the ground that plaintiff has failed to state a claim upon which relief can be granted.[4] To state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of a constitutional right. *West v. Atkins*, 487 U.S. 42, 48 (1988). Municipalities are only liable for

---

[4] Plaintiff was advised that if he did not respond to defendants' motion, it would be deemed conceded and the case dismissed. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). Plaintiff has filed a response but it does not address defendants' arguments. When a plaintiff files a response to a motion to dismiss but fails to address arguments made in the motion, the court may treat those arguments as conceded. *Healy v. United States*, 2006 WL 1633479, at *3 (D.D.C. June 14, 2006)(*quoting Fox v. American Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003).

3

their agents' constitutional torts if the agents acted pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim that a policy or custom was the cause of the constitution violation, a plaintiff must allege an "affirmative link," such that a municipal policy was the "moving force" behind the constitutional violation. *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)(citations omitted).

The failure to train, supervise, or discipline city employees can constitute a municipal policy or custom if it amounts to "'deliberate indifference' towards the constitutional rights of persons in its domain." *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000) (*quoting City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 n.7(1989)). Deliberate indifference is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations. *Baker*, 326 F.3d at 1307.

Plaintiffs has failed to state a claim for municipal liability. Absent from the complaint is any allegation that the District of Columbia had any direct or indirect involvement in the decisions of the police officers or that plaintiff's injuries were the result of any policy or custom of the District of Columbia. A municipality cannot be held liable simply because of the action or inaction of an employee. *Monell*, 436 U.S. at 694. Moreover, a single incident of unconstitutional conduct, as is alleged here, does not establish a municipal policy or custom. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Therefore, the District of Columbia will be dismissed.

The complaint names Officer David Tucker in his official and individual capacities. Government officials sued in their official capacities under § 1983 are not personally liable for damages. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Atchinson v. District of Columbia*,

73 F.3d 418, 424 (D.C. Cir. 1996). A suit for damages under §1983 against government employees in their official capacities is the equivalent of an action against the government entity itself, *id.*, and the claims are barred because any monetary recovery will come from the government's treasury. *Vakassian v. Washington Metro. Transit Auth.*, 2005 WL 3434794, at *4 (D.D.C. Dec. 14, 2005). Thus, the claim against defendant Tucker, as an employee of the District of Columbia in his official capacity, will be dismissed.

A § 1983 claim can only be brought against a government official who was personally and directly involved in the wrongful acts. *Washington v. District of Columbia*, 2006 WL 751327, at *2 (D.D.C. March 21, 2006) ; *Caldwell v. Hammonds*, 53 F. Supp. 2d 1, 9 (D.D.C. 1999). Plaintiff cannot base liability under the theories of *respondeat superior* and vicarious liability. *Id.*

The sole allegation plaintiff makes against Officer Tucker is that he failed to prevent his partner, Officer Davis, from violating plaintiff's constitutional rights. The complaint does not allege that Officer Tucker was directly responsible for the actions by Office Davis or that Officer Tucker personally engaged in any affirmative actions against the plaintiff. Under the facts alleged, Officer Tucker is not subject to liability under §1983.

*Conclusion*

For the foregoing reasons, the claims against defendants District of Columbia and David Tucker will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
JAMES ROBERTSON
United States District Judge

DATE: 7/10/06