UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOSES BELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1372 JR |
| | : | |
| DISTRICT OF COLUMBIA, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## MOTION TO DISMISS DEFENDANTS MAYOR ANTHONY WILLIAMS AND CHIEF OF POLICE CHARLES RAMSEY

-

Pursuant to FRCP 12(b)(6) and FRCP 8(a)(2) defendants, Anthony Williams, the Mayor and Charles Ramsey[1], Chief of Police by undersigned counsel, move to dismiss plaintiff's complaint as it fails to state a basis upon which relief can be granted.  As to the claim against Anthony Williams, plaintiff's complaint fails to state a factual basis for recovery from Anthony Williams under 42 USC §1983 and there is no liability under the theory of *respondeat superior* for the actions of a co-employee.  As to the claim against Charles Ramsey, plaintiff fails to make any factual allegation against him in his complaint.  Additional bases for this motion are set forth in the attached memorandum of points and authorities.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____

HOLLY JOHNSON
Chief, General Litigation Section III

_____

[1] Plaintiff misspelled Chief Ramsey's name in his complaint.  The correct spelling is "Ramsey" not "Ramcie."

———————————————————
Steven J. Anderson
Assistant Attorney General
Bar no. 334480
Suite 600s
441 4th Street, NW, Room 6S109
Washington, DC 20001
(202) 724-6607 (202) 727-3625 (fax)
E-mail: Steve.anderson@dc.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Motion to Dismiss Defendants Mayor Anthony Williams and Chief of Police Charles Ramsey, Memorandum of Points and Authorities, and proposed Order was mailed postage prepaid to plaintiff's attorney at the following address on this __ day of July, 2006:

Moses Bell
R04961-007
RIVER CORRECTIONAL INSTITUTION
P.O. Box 630
Winton, NC 27986

———————————————————
Steven J. Anderson
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOSES BELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-1372 JR |
| | : | |
| DISTRICT OF COLUMBIA, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## MEMORANDUM OF POINTS AND AUTHORITY

Moses Bell brings this action *pro se* against the Anthony Williams, Charles Ramsey, and the Commanding Officer of the Sixth District ("Commanding Officer").[2]  Mr. Bell alleges that he is a victim of an unlawful shooting by Metropolitan Police Department Officer Davis.  The complaint alleges a violation of plaintiff's Constitutional rights under 42 U.S.C. § 1983.

As to defendant Anthony Williams, Mayor of the District of Columbia, plaintiff's only allegations are that this defendant failed to properly supervise and to protect plaintiff against cruel, inhumane, and unusual punishment and failed to discipline former defendants officer Davis and officer Tucker.  Complaint at 39.  However, this is inadequate to make Anthony Williams constitutionally liable for Officer Davis' and Tuckers' alleged violation of plaintiff's rights.

> "It is clear that fellow government employees cannot be held liable under the theory of *respondeat superior* for either constitutional or common law torts" of their subordinates.

*Fields v. District of Columbia Dep't of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992).

_____

[2] Named defendants the District of Columbia, Officer Davis, and Officer David Tucker have been dismissed from the case.

3

"[A]nalytically, high level public officials are not employers of their subordinates but rather are fellow governmental servants, and it thus is inappropriate to hold them liable on the basis of *respondeat superior*."

*Id.*

As to Defendant Charles Ramsey, plaintiff fails to allege any facts in his complaint and therefore does not state a cause of action against this defendant.

"While complaints filed by pro se litigants are held to a less stringent standard than those prepared by legal counsel and should be liberally construed, *see* Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), all complaints must satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure. See Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987) (a pro se litigant must comply with the federal rules). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A complaint must give the court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the legal issues presented and prepare an adequate defense. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957))."

*Sebastian v. Wenzel*, 2004 U.S. Dist. LEXIS 6257, 1-2 (D.D.C. 2004).

"Thus, courts have unhesitatingly dismissed complaints, like plaintiff's, that are "ambiguous, redundant, vague and, in some respects, unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966), that present "a confused and rambling narrative of charges and conclusions," Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1997), or that are "so confused, ambiguous, vague or otherwise unintelligible that [their] true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)."

*Id*. at 2.

Here, the only instance where defendant Charles Ramsey is alluded to in the complaint is plaintiff's allegation that defendant Charles Ramsey is the Chief of Police. Complaint at 6. The plaintiff's complaint is defective because plaintiff fails to plead the proper "short and plain statement" as required by FRCP 8(a)(2). Since no facts to support a claim are alleged, Defendant Charles Ramsey should be dismissed as a defendant.

The court has previously determined that there is no supervisory liability under the facts of plaintiff's complaint. Memo. Opinion at 5. A § 1983 claim may only be brought against defendant's whom were, "personally and directly involved in the wrongful acts." *Id.* The

complaint fails to allege that defendant Anthony Williams or Charles Ramsey were directly responsible for the alleged actions against plaintiff.

Based on the foregoing, defendants Anthony Williams and Charles Ramsey submit that they must be dismissed as defendants as plaintiff's complaint fails to state a basis upon which relief may be granted against both defendants.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____

HOLLY JOHNSON
Chief, General Litigation Section III

_____

Steven J Anderson
Assistant Attorney General
Bar no. 334480
Suite 600s
441 4th Street, NW, Room 6S109
Washington, DC  20001
(202) 724-6607 (202) 727-3625 (fax)
 E-mail: Steve.anderson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOSES BELL,                                    :
                                               :
        Plaintiff,                             :
                                               :
            v.                                 :        Civil Action No. 05-1372 JR
                                               :
DISTRICT OF COLUMBIA, *et. al.*,               :
                                               :
        Defendants.                            :
_____

## ORDER

UPON CONSIDERATION of the Motion to Dismiss Defendants Mayor Anthony Williams

and Chief of Police Charles Ramcie, the Memorandum of Points and Authorities in Support thereof,

any opposition filed thereto, the record herein, and for good cause shown, it is by the Court this

_____ day of July 2006,

ORDERED that defendant's motion is hereby GRANTED; and it is further

ORDERED that Defendant "Anthony Williams" is dismissed as a defendant; and it further

ORDERED that Defendant "Charles Ramsey" is dismissed as a defendant.

                                    _____
                                    JAMES ROBERTSON
                                    Judge, United States District

Copies to:

        Moses Bell
        R04961-007
        RIVER CORRECTIONAL INSTITUTION
        P.O. Box 630
        Winton, NC 27986


        Steven J. Anderson
        Assistant Attorney General
        441 4th Street, NW, 6S012
        Washington, DC  20001